Your Honor, the second case on the docket is Ordinance 2-24-0309, the People of the State of Colorado, ex rel. Michael Patton. In his official capacity as the highway commissioner of the Geneva Township Road District, an Illinois-bonded corporate and politic in the Geneva Township Road District. Plaintiffs held, v. City of Batavia, an Illinois municipality, defendant at the law. Arguing on behalf of the appellant, v. Mary T. Dickson. Arguing on behalf of the appellee, Mr. Rony J. Sexton. Thank you. Ms. Dixon, you may proceed. Thank you, Justice McClennan. Good morning, Your Honors. May it please the Court, my name is Mary Dixon, as you know. I represent the plaintiff's appellants, Michael Apts, and in his capacity as highway commissioner of Geneva Township and the Geneva Township Road District. For use of reference to my argument, I'll just refer to them collectively as the township. The matter comes before you on... Let me ask you a question. Sure. Where is... Geneva Township is not one of the parties, correct? Geneva Township itself? No, the road district is. Right. And both briefs seem to put Geneva Township in the situation where it's really a road district case and they are separate and apart, correct? Correct. They have different functions and different responsibilities, correct?  This confusion seemed to flood over into the court's ruling as well because he keeps calling it Geneva Township and it's not Geneva Township. Is there a... What is the significant difference between the township and the road district? Well, the road district has very special duties that are set forth in the Illinois Highway Code. Its jurisdiction is over the roads and the roadway. But it has no governing responsibility. It doesn't have a governance board, correct? The governing responsibility is through the highway commissioner. It only is the highway commissioner. Correct. But they... The township can own property. Can the road district own property? The road right-of-way is dedicated to the township, either the township itself or to the township road district. That dedication provides it all of the indicia of road property ownership, just like a municipality would have. Okay, so what's the dedication here? What's it dedicated to? Who's it dedicated to? To the Geneva Township, Geneva Township Road District. That property that's at issue is under the jurisdiction and control of the Geneva Township Highway Department. But it's not owned by the Geneva Township Highway Department. It's owned to the extent it is owned in the name of the public. Right, but not... As I said, Geneva Township itself can't own property. The road district does not own property. Well, I... I'm saying to you that in the terms of ownership, it is akin to ownership. There is property titled to the township that is under the jurisdiction of the road district. The road district itself and not the township, as a corporate entity, has the governance and control over that property. Okay. Could I just ask a question? Yes. It reminds me of a riddle. When is a door not a door? It's when it's ajar. And listening to you go back and forth, it sounded like she's asking you if the commissioner or the township is the owner of the roads. And you're saying almost. Well, I guess if I wanted to go further, I would say I don't think it matters. And I appreciate the comment... the questions, and I'm pleased to answer them. But when you look at the statute under which the city of Batavia is attempting to annex the property, ownership doesn't come into it. The statute itself, section 7-1-10, provides that the city can annex property which is under the jurisdiction of the township highway department. That's how they get there. It has nothing to do necessarily with who the owner is. It has their statutory authority under the municipal code to annex has to do with road dedicated or used or not dedicated to the road district or the highway department. So that's the statute that brings us here. So I guess that's where I would think that the focus... that's where the focus has been of our argument. That if you look at the test for statutory authority under which the city of Batavia is intending to act, it is, as you all know, annexation isn't a common law right. It's statutory. So you're saying that it's not a question of ownership or title. It's a question of whether or not you have the authority to regulate or control, repair, construct... That was... I'm sorry, Justice McClernand. Exactly. And when you compare... and we can skip ahead if you'd like because what the trial court had an issue with was my argument that Illinois law has recognized that municipalities have been given the right to contest annexation of municipal property. So if you're coming into the municipality, they have the right to contest that through Colorado. They've been treated as citizens for that purpose. And so what I argued to the trial court was that the Township Road District, whose jurisdiction over the property, the property under its jurisdiction is at stake, should be given that same right. Because like a municipality, the road district, the highway commissioner is the elected official charged with that power in Illinois, has many of the same responsibilities that the courts say, oh, well, that gives the municipality the power to challenge. They say that... Did you argue that because of the nature of your statutory authority, the Colorado proceedings were not available to question your control rather than annexation? Annexation, I think, is some indicia of control. It's not necessarily ownership, obviously, because private individuals own what's been annexed, usually. So is Colorado available in a situation where the governmental agency is merely effectuating statutory enactments? I believe it is, Your Honor, because the Colorado statute is the methodology where one municipality questions the authority of another municipality to annex this property. It's the only mechanism available to anyone to question annexation of property, as a matter of fact. And I don't think that the township, the road district or the township itself, should be deprived of that same opportunity, merely because in this case, the trial court determined that the township was not akin to a municipality. And so refused to extend the line of cases that would allow a municipality, and they've been recognized for years, that allow a municipality to be treated as a citizen for purposes of challenging annexation. And yet, what we argued to the court was that it has been held that the interest and responsibility imposed on a city for police, fire, street maintenance and other services over territory within its corporate limits is sufficient to allow it the opportunity to challenge in Colorado a purported annexation of its territory. Here, the highway commissioner is charged by law with the jurisdictional responsibility for the property that the city is seeking to take. It is not different. There are certainly some functional differences. Are we talking standing or are we talking something else? Well, of course, the initial inquiry for the court is standing, because to be able to bring a quorum to action, you do have to have standing. So that is an initial consideration, but I don't think you get to or to inform that decision, let's say, as to standing. I think it's important to look at the facts that were presented on the annexation that's being attempted and the law that governs annexations. And if you do that, you see, and I provided as part of the briefs photographs, so you get some photographic evidence of what it looks like. What the city is attempting to do is to annex a very, very small portion of property that is under the jurisdiction of the township. It's 66 feet wide and it's 217 feet in length. That section of roadway is both improved with pavement and not improved, because when the city back in 2002 constructed its section of Skyline Drive, there was residential opposition both in the city and in the township to connecting the subdivision all the way to the border to connect it to the township, which actually it couldn't have connected anyhow, because the township section of Skyline Drive ended then and ended now 17 feet 6 inches from the city's west boundary. So even if they had brought, the city had brought Skyline all the way to the edge of its boundary, it could not have connected. But the city stopped its section of Skyline Drive 9 1⁄2 feet, 9.4 feet shy of the boundary too. And in allowing the city to construct its Skyline Drive while it's the same width, the pavement is different in terms of width and different in terms of its location within the 66 feet. So it's not a good link, it was not planned as a good alignment if that were ever to occur. But there might be another party that we're not aware of in this litigation. And we shouldn't care about that party, should we? I don't know any other party that would have a right to. Well, there's some green grass and trees between there. Well, the green grass and trees is within the township's right-of-way. Some of it is, but not all of it. All of that within the 66 foot right-of-way is. And that is the portion that the city is seeking to acquire. They want to acquire it with the plan of correcting the alignment. There's a barricade, not a very fancy one, but there is a barricade that's been there since the early, well, at least 2000 when they constructed Skyline in the city. So there's a barricade and then there's open land on either side that prevents through traffic. And so those are kind of the facts, but when you look at what. . . All right, let's get to your next argument because we're, obviously that thing goes off in a couple minutes. Assuming that we do apply the same law, does a private interest have to be alleged? That is a, I actually, that is a fantastic question because I started thinking about that last night. In the cases that are on municipality, the cases just generally say, you municipality, you've got an interest. You're a citizen. Because of the interest that you have, which I talked about earlier, because of all those interests, they are automatically accorded citizen status. That's what I argue, that the township should be accorded the same status for the same reasons, even if you don't want to go down that route. And the trial court invited that in discussions. The trial court said, this is maybe a policy issue that should go to the appellate court. So here it is. It's a policy issue for the court. I think that the township should. . . You should have certified the question, but neither. . . Okay, go ahead. Yes, absolutely, good point, and said we bring it here. But if you didn't want to treat the township as a municipality, and I don't think that the court actually had good reason not to. I think he said, well, they have different duties, but when it comes down to it, it's street maintenance, it's police, it's signage, it's guidance. And that's all public interest. There's nothing private about any of those. But a municipality has standing for all those same reasons, all those same reasons. So your position is if we equate the township, which is really the district. . .  With the municipality, then it's almost inherent that the interests are private, because the exact same interests that the district is alleging here would pass muster if the plaintiff. . . Yeah, if the plaintiff here were a municipality. Is that it in a nutshell? Exactly. Okay. And you know what gives rise. . . I think what perfectly gives rise to that, and maybe goes a step farther, is if you look at the statute that the city of Batavia relied upon in making its application for adopting its ordinance. The statute is very clear. It's Section 7-1-10 of the Municipal Code, and it allows the municipality by ordinance to annex territory contiguous to it if it is dedicated or used for street or highway purposes under the jurisdiction of a township highway department. I mean, other things as well. But if you look at the statute itself, you can clearly see the entity and interest where there is such an annexation is always going to be the township highway department. They're the ones that . . . it's that interest that's being invaded by the annexation. And in this case, the township highway department is saying to you, their interest is being improperly invaded because, while you look at the statute on its face and you want to say, oh, you know, it looks like they can do it, the question here is, is the territory they're seeking to annex contiguous? And a long line of Illinois . . . it started with Illinois Supreme Court, and cases that came down since then have defined for you what contiguity means. And if you apply the rulings in those courts to the facts here, you cannot conclude that contiguity exists because it's been held. To be contiguous, you have to be adjacent or parallel to. Courts have said you can't be perpendicular. And as a matter of fact, this district held that the butt of a street, which I'm calling the butt of the street, the 66-foot roadway, right-of-way, the butt of the street can't provide contiguity. Here, if you . . . and I invite you to look at the maps. That is clearly what we have here. We have the 66-foot right-of-way is what touches the boundary. And then it juts down 217 feet. That's an illegal strip annexation. And that's an illegal strip annexation under Illinois law. It is not a case where municipalities that can do that usually do that so that they can grow, they can increase their boundaries. Here, the city didn't even attempt to do that. They're not seeking to annex any other unincorporated property other than this specific road right-of-way. I see my time is about to end. I do invite you to treat us as a municipality. I have the township brought forth the private interest. There were five or six points that were raised that I think rise above the government interest and make it a private interest. And as well, as we've argued, the trial court started its analysis by placing an improper and undue emphasis on the fact that both the Illinois Attorney General and the King County State's Attorney declined the opportunity to file Colorado on our behalf. And when you start at the premise that if nobody else cares and they were the ones with power to do it, maybe you guys are wrong under the law. And I think that's the wrong emphasis to make on this case. And I see my time is about to end here, so unless you have questions, I'll wait for rebuttal. Questions? I do. I have a question. With respect to your argument a minute or two ago about whether it's contiguous or not, is it your position that whether or not it's contiguous goes to the merits or goes to your standing? I think it's twofold. I think that that statute, the 7-1-10, gives us standing because the property that's been taken, the property that's being sought to annex is clearly by statute. If you're going to rely on the statute, the only property you can acquire under the statute is property under the jurisdiction of either the Department of Transportation, the county, or the Township Highway Department. I think that alone rises us to the level of a municipality. But as well, once you get there, I think that it is incumbent on the Highway Department, on the Township, on Commissioner Apps to say, wait, on behalf of his constituents. He's the only guy who can come here and say, wait, what the city of Batavia is trying to do doesn't conform with the law, and here's why. And we were deprived by the trial court of the opportunity to go there because the trial court decided for the three reasons that are set forth in our brief that we didn't have standing. And as to each of those, it was the township's opinion that the trial court abused its discretion, and we would ask that this court remand with instructions to the trial court to at least let us test the question. Was there contiguity? When was the statute enacted that you referenced just now? 7-1-10. Your Honor, I cannot tell you that off of the top of my head. It has been in existence for a very long time because Adamowski came down in 1959. So we're not talking anything that just happened last week. Did you ever look at the minutes of the debate relating to the statute? I did not, Your Honor. But I can tell you that from Adamowski, the Supreme Court, you flow from there to People X. Raul, Coosier Realty v. Village of the Ridge. Actually, it's kind of funny because they're all Second District cases, so this must be a big issue out here. But People X. Raul Bowman v. Village of Bensonville is a very good case on what contiguity means in this context. But the state's attorney in that case, wasn't that John Bowman? Yep. So that is, they took that on. And People X. Raul Johnson v. City of Waukegan is another one. So it's a whole line of cases. Nobody's departed from it. If you're going to use, if you're going to test contiguity, Illinois law, it abhors strip annexations. It doesn't allow them. And that's exactly what, this is just, it's an illegal land grab to just try to get rid of this no man's land and to at some point create an alignment that would allow city traffic to flow through the township and township traffic to flow through the city. Is it really no man's land or do you lay claim to it as well? No man's land in terms that there is no vehicular passage through this, through a port 9.4 feet on one side and, what did I say, 17 on the other. It is clearly, there is nothing there that allows you to travel by car. The only thing you can do is walk or bike and then you have to work your way through the barricade to be able to do it. I have one other question. You suggest that it was improper for the trial court to consider the fact that our Attorney General and Kane County State's Attorney had declined the opportunity, the unfettered opportunity to do that. Was any reason given? By the Attorney General or the State's Attorney? The Illinois Attorney General just declined, which is what they do, and I do have information relative to the Kane County State's Attorney's position. Is it in the record? It is not in the record. So there was nothing placed on record? No. So any myriad of reasons for why they declined? Right. Whereas the court chose to interpret it and I cited the transcript. It was apparent, I think, if you were an impartial bystander, the trial court's attitude was, well, maybe you're wrong, Ms. Dixon, and maybe because you're wrong, that's why nobody wanted to get involved. And I don't think that that's one appropriate interpretation when you get the Illinois Attorney General and the State's Attorney to deny helping you out with Colorado. They might have just as easily thought, well, it's Mary Dixon, she can do it. It may be an alternative interpretation, but it isn't necessarily established. No. And I did not look at the statistics to be able to tell you how many times the Illinois Attorney General or the State's Attorney in any county declined to get involved. And it's not in the record either. No. But I think it should be recognized it happens. And so the trial court starting out saying, as the trial court did, did tend to indicate that maybe neither of those offices thought that this was an issue that should be brought to court. And then, of course, then deciding that, well, you're not a municipality, so I'm not going to go down the route of the cases in Illinois that allow a municipality the right of a citizen to bring an annexation. And then, of course, the third point was just finding that we didn't state the private interest. But even as to that, the cases that the court looked to were not factually or factually on point, and their conclusion of why isn't on point. And I do direct your attention, it's a Rule 23 opinion. I did ask the court, there's no background to it, so you could get briefs from it, but this court allowed two library districts the opportunity to file Pueblo-Oronto. Now, one was dismissed, but if a library district has the right, why shouldn't the township, which is the parking interest under Section 7-1-10, have that same right? Any other questions? No. You'll have an opportunity to make the vote. Thank you. Thank you. Is it Mr. Sekel or Sekel? Sekel. You may proceed, sir. May it please the Court. My name is Roland Sekel from General Jensen's Law Group in Batavia. I'm here to represent the Appellee of the City of Batavia. In this matter, the Geneva Township through the Road District is trying to challenge the city's annexation of a small portion of roadway on Skyline Drive. The Road District is not challenging the procedures used in the annexation, only they're trying to allege that it is not contiguous in compliance with the statute under the Illinois Municipal Code. We file a motion to dismiss, asserting that the Road District does not have the proper standing under Illinois law to follow a court warrant for proceeding in this state. What particular law are you referring to? The court warrant for statute under the Illinois Code of Civil Procedure, Your Honor. Say again, please. The court warrant for statute under the Illinois Civil Procedure, specifically 735 ILCS 5-18-102, that provides that the proper parties to initiate a court warrant for proceeding would be the Illinois Attorney General's Office or the local state's attorney's office. Or any citizen if they otherwise decline, correct? That is correct. So if that were the situation, the president of the HOA in, what is it, Windermere, could have brought that if they were so inclined, and the president of the subdivision on the other side could have brought the action, correct? Correct. They could have filed the action, but they would need to leave a court to do so. Oh, right. That's what this whole thing is about right now. So if they could, and they are private citizens, they are citizens who own, who have interest in subdivisions on either side of this line, why doesn't Mr. Apps, as the, I keep calling it roadship, but you know what I mean, why can't he, as a citizen, bring it on behalf of his district? Well, I don't think he brought it on behalf of the road district as a governmental body and entity. Therefore, he still needs to show what the proper private interest in this matter. That's a different story. Let's get to just the first. Why can't he bring it? Because my interpretation in the Illinois statute, and the case is interpreting that section of the court of civil procedure I just quoted, that the proper people to represent plaintiffs as a generality, if you will, other than individuals, would be the state's attorney's office or the attorney general's office. Or a municipality. Perhaps not in a municipality, but in those situations where municipalities have been granted leave to file corrupt actions, the municipality has actually had a direct personal interest in there in terms of the overall regulation of the area sought to be normally annexed for their citizens on behalf of their citizens. It sounds like your argument is that the attorney general or the state's attorney of the county in which the property is located have rights to bring QWs, but anybody else doesn't have a right unless they establish that right? That's correct, Your Honor, because the ability of the state's attorney's office in So what did the trial court find in making its mixed question of fact and law to determine that the township or the township highway commissioner didn't have the right to bring this action? What the trial court found and what we're arguing that the trial court did correctly is that for the road commissioner to file their action, they actually need to assert sufficient private interest for the annexation, to challenge the annexation. All the interests the road district asserted in this matter were governmental or public interests in nature. They talked about the need for road maintenance, for funding to improve cross the bridge that may they allege would be more trafficked if the connection is made through. All of those were the governmental functions of the road district. They're not private interests as a private property owner would have in terms of a property being annexed and then being under control of a municipality. Let me ask you this then. If this were a municipality, would there be a difference between the same interests raised by a municipality or raised by a road district? If the petitioner in this case was an actual municipality, say the city of Geneva, for example, I think the interest would still be considered governmental because the interest they are asserting as alleged in the actual complaint deals solely with their limited governmental functions that they're asserting over this roadway. They are not asserting any additional things that a municipality would normally provide, such as fire protection, police protection, sewer, water, perhaps electricity. So you're suggesting that police would not patrol this road? They would be off limits to police and fire? What I'm saying is as the complaint that was filed in this matter did not allege any of those matters. However, if a municipality were to file a core warrantor petition and allege that issues such as the police protection, fire protection, et cetera, would need to be provided, that could raise to the level of a sufficient private interest to grant that municipality to file and leave to pursue a core warrantor proceeding. However, that's not the case before Your Honors today. The case is a road district that's asserted very limited interests here that are definitely governmental in interest in what they're trying to assert. Can the township district actually own property like municipalities or townships can own certain properties? I would suggest that's kind of, I don't, it's a good question. I don't think that's based on the facts here because the actual issue here is whether or not the road district has ownership. The road district does not have ownership. They have jurisdiction over it. They have some control over it. But they don't actually own the property. But your motion to dismiss says that they have no private interest and therefore that prevents them from filing this core warrantor. Wouldn't you have to have some, not just jurisdictional interest, but some skin in the game interest, some ownership interest in order to get a private interest? I mean, if somebody was going to go through a park that is owned by a city or the township, that might be, you know, a personal, or there could be a personal private interest. What private interest are you looking for, I guess, is the question. And how can there be one if there's no ownership responsibility? I believe the answer to your question is that, yes, if somebody actually owns property and that property is being affected by an annexation, that could give rise to private interest because there's actually an ownership interest and all the indictation that goes along with the ownership interest. In this case, what the township or the road district has alleged is not anything related to actual ownership. It's just what we need to do, we need to perform our governmental functions in order to maintain this roadway. If they had actually ownership of the roadway or a parcel that would be affected by this roadway, that may be a separate discussion and separate issues they could raise, such as their ownership interest being impacted by the annexation. Here, they're just talking about what their governmental duties are in terms of this roadway, in terms of maintenance, improvements, and compliance with any sort of, like, safety or control over the roadway in order to properly make sure that it's in compliance with their statutory duties. And I would kind of add to, council indicated that, seemed to suggest that municipalities are automatically granted standing if they challenge a court-warranted action or if they file a court-warranted action challenge in the annexation. That's not the case. And I'll be reciting multiple cases where a municipality has filed a court-warranted action, such as Pueblo Actual Brooks v. City of Lyle involving the City of Wheaton filing a court-warranted action. The court in that one denied Wheaton standing, the City of Wheaton standing, because they didn't allege a sufficient governmental, or sorry, sufficient private interest in that matter. Their interest was, well, we potentially have some jurisdiction over this because it's within our potential zoning areas over our property and all that. But the government held that that, the courts held that that was not sufficient in order to grant the City of Wheaton standing in that situation to file a court-warranted action. And just also briefly touching on council's reference to the Geneva Public Library, Batavia Public Library. I did address that more briefly. Of course, true, that's a Rule 23 decision, not binding by any means upon the parties in the court here today. But I would suggest that's also factually distinguishable because you have two library districts with the same duties and obligations fighting against each other. Here we're talking about a road district with a very limited scope of what they're required to do If the trial just, or trial court rather, district courts, if the trial court made a finding that the road district was not substantially similar to municipalities in the application of the law and never got to the other issues of private, public interest, the trial court never ruled on those other issues, correct? That would be correct in the sense that the trial court limited itself to the first finding that it had to, but it's kind of like you go along the process of a case. First, you have to establish the ability to bring a case. You don't have the ability to bring a case. The case stops right there, regardless of the potential merits of the case. So if we said to the trial court here, hey, trial court, you only decided the first issue and we think you were wrong. Let's just say if we did, shouldn't we send it back so that the trial court can make the rest of the findings so that it can be reviewed again? That would be one option available to the justices. That if you find that the trial court's ruling was actually just step one and remanded back to a more developed hearing in terms of the standing issue, that would be a potential remedy or area, and we'd have to pursue that a little bit more and maybe have another hearing the trial court better flesh out their findings in terms of the private interest versus the public interest to make a clear record for the court here, presuming, of course, that the trial court upheld this prior ruling that the rural district does not have the sufficient private interest to grant it standing, and they appeal that decision back here today, back before Your Honors. Is there anything needed to be enforced in the judgment if we affirm it? No. It's our position that if you affirm the judgment that there's nothing further, the case filed by the rural district would still be dismissed. The statute of limitations would still be in effect. The statute of limitations on the annexation is one year challenge from the date that it was actually approved. That has already passed. It would be our position that there would be no other parties that would have the standing in order to bring the action, as both the state's attorney's office and the attorney general's office have already kind of declined the willingness to bring this action. So I think that would be the position that the case would be resolved. There would be nothing further pending before this Court or even the trial court at that point. Others could join this action. If we were to remand it back for further findings, for whatever reason remand it back, others could join as plaintiff or defendant. Yes, if we were to remand it back under those situations, potentially there could be other plaintiffs that may seek to join. We'd have to determine whether or not they have standing ability to join. Those would be all potentialities, but that's, of course, presuming the case gets remanded and there's further proceedings in the trial court. I believe, I apologize, Justice McClure, if I misunderstood your question, but I think your question was if you basically deny the appeal and send it back, there's nothing further. And I think, Justice Jordan, you're asking kind of a follow-up question of that.  All right. Now that, Your Honors, I believe I covered most of what I wanted to cover. I just want to recap that it's our position that the Geneva Township Road District petition for leave to file a full warrant or proceeding in this matter does not meet the threshold issue of standing. As a petition party, that's their burden to show. The trial court properly ruled in this matter, and we'd ask that the trial court rulings be upheld. The only other thing I would probably add, Your Honors, just as an aside, is counsel spent a lot of time talking about the contiguousness of the annexed property. As our position, though, that's not really an issue before Your Honors today because the trial court never got to that issue because they had not established a record of standing. So with that, I do know I have some time remaining, but I'll yield my time, and I appreciate it, Your Honors, in listening to the argument this morning. Absolutely. Any further questions? I have none. No. Thank you. All right. Thank you. Ms. Dixon, you may proceed. Thank you again, Justice McCann. I think the important issue here, and I appreciate Justice Hutchison's concern over ownership of property, but the test in quo ronto really doesn't come down to ownership. There's a lot of cases that are brought in quo ronto that don't involve property or annexation. So the appropriate focus in the township's opinion is when you look at the statute, that's an issue that the city seeks to annex the property under, and that's the only authority they have to annex because there's no common law right. If you look at that statute, the only thing they're trying to do by ordinance is to annex property dedicated or used for street or highway purposes which are part of the township highway department. I think that statute itself says the only entity that can challenge it is the township highway department, our jurisdictional property that is being taken. And I think that that statute alone vests us with the same authority as the municipality, which has been treated in a number of court cases as a citizen, that private citizen that's allowed to bring an action in quo ronto. Clearly, the township itself has a personal interest in that territory and meets the test for standing. Let me ask you about that. Council says you don't meet the test. Even if we were to assume that the road district is a citizen, you still don't make, because we would be hooking on a municipality. Right. And he says, well, that's not enough because there's no fire or no police protection issue. If that's the dispositive difference, what makes a municipality somewhat automatically a citizen under the requirements? Well, I don't know that that, you know, when I look at the cases, the cases, if that's what you're going to judge for statutory construction, is it conjunctive or is it standing alone? And what the cases say is that the interest and responsibility imposed upon a city for police, fire, street maintenance, and other services over the territory within its corporate limits is sufficient to permit it to challenge in quo ronto reported annexation of its property. I think you don't have to have all of those. I think if you can assert any one of those, and in this case, the township clearly, under the Illinois Highway Code, has all of the jurisdictional responsibility. We maintain it. We can sign it. We can light it. We can expand it. We can control its use. All of those are the same types of control a municipality exercises over property subject to annexation. I think where it gets, the argument gets interesting and maybe confusing, which would have been better to expand at the trial court is, if you're thinking purely private interests, it's hard to say how any of those interests that I've just outlined for a municipality have standing aren't governmental interests. So if you're saying, oh, well, those are all governmental interests, which the court said to the township, everything you're saying is a governmental interest. Well, how in the world does a municipality ever get standing as a citizen then? Because aren't all those governmental interests too? At the end of the day, aren't those all governmental interests? And yet municipalities have been long accorded standing. The township is saying, treat us like a municipality. Treat us like a library district. And to do that, clearly look at the statute that's an issue and who would be the person or the entity that would be most likely to challenge it. And in this case, it's the township highway department because the township highway department wants to say, this annexation does not meet the requirement of Illinois law. And who better to make that argument than the entity whose property is being taken by annexation? And for all of the reasons that I've said both in our brief and in this argument, I believe it's clear that the trial court, for the three different reasons that we stated, abused its discretion in denying leave to file the action in Colorado by saying it lacked standing. Accordingly, the plaintiff's abalance asked that the court reverse the trial court's decision. And remand it to the trial court with an instruction to the trial court to give us leave to file the action in Colorado. And in that case, then we'll have the opportunity, unless your honors want to take it on so sponte here, to decide whether contiguity was even established because that's the heart of the case. And I agree we have to get to standing first because the law says so, but at the end of the day, the statute says what the statute says and the statute has been interpreted since as far back by the Illinois Supreme Court in 1959 to say there is no contiguity here. And if there's no contiguity, the annexation ordinance has to be held void and this property should not be affected. By way of questions to the court, I would thank the court for its time and ask that the decision of the trial court be reversed. I have a question. Just to be clear, you keep saying the rogue department. Is the rogue department anything different than the road district?  It's the same entity or just semantics? Exactly. Thank you, District. It is an interesting semantic argument because under the Illinois Highway Code and into the Township Code, it's called a road district. The statute at issue here comes with the Township Highway Department. Most road districts call themselves Township Highway Departments in every township that I know of. And so it's distinction without a difference. Okay. Just to be clear. Thank you for your time this morning. Thank you. We'll take the case under advisement and render a decision in apt time.